IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DIANA BERNARD and
SELENA COBB, Individually
and on behalf of all others
similarly situated,

      Plaintiffs,

vs.                                          Case No.:

BAYCARE HEALTH SYSTEM, INC.,
d/b/a JOHN KNOX VILLAGE OF
TAMPA BAY,

      Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiffs, DIANA BERNARD and SELENA COBB, individually and on behalf of all others similarly situated, hereinafter referred to as "Plaintiffs", pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and sues BAYCARE HEALTH SYSTEM, INC., hereinafter referred to as "BAYCARE" or "Defendant" and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

## PARTIES

2. Plaintiff, DIANA BERNARD, resides in Riverview, Hillsborough County, Florida.

3. Plaintiff, SELENA COBB, resides in Riverview, Hillsborough County, Florida.

4. At all times material hereto Defendant, BAYCARE, is a Florida Not for Profit Corporation, engaged in substantial and not isolated business activities within Hillsborough County, Florida. At all times material, Defendant, BAYCARE, was an employer as defined by

1

the Act.

5.  Defendant, BAYCARE, is an employer as defined by the laws under which this action is brought and employed the required number of employees.

## FACTUAL ALLEGATIONS
(as to Plaintiff, DIANA BERNARD)

6.  In approximately November 2011, Plaintiff, DIANA BERNARD, began her employment with Defendant, as a Certified Nursing Assistant on a PRN basis, at its 4100 East Fletcher Avenue location in Tampa, Florida.

6.  Plaintiff is paid on an hourly basis every two weeks.

7.  In or around March 21, 2013, Plaintiff began working 40 hours per week as a full time employee.

8.  In or around January 2015, Plaintiff began working 32 hours per week, which is still considered full time status.

9.  Plaintiff is required to carry a company cell phone so that she can respond to the needs of the residents at all times.

10. Defendant is automatically deducting 30 minutes for lunch every day from Plaintiff's paycheck, but does not relieve Plaintiff so she can leave the lock-down unit of the Assisted Living floor where she works to take an uninterrupted lunch break. Plaintiff is required to be present in the lock-down unit for the benefit of her employer.

## FACTUAL ALLEGATIONS
(as to Plaintiff, SELENA COBB)

11. In or around October 2011, Plaintiff, SELENA COBB, began her employment with Defendant, as a Certified Nursing Assistant at its 4100 East Fletcher Avenue location in Tampa, Florida.

12. Plaintiff was paid on an hourly basis every two weeks.

13. Plaintiff was required to carry a company cell phone and pager so that she could respond to the needs of the residents at all times.

14. Defendant automatically deducted 30 minutes for lunch every day from Plaintiff's paycheck, but did not relieve Plaintiff so she could leave the Assisted Living floor where she worked to take an uninterrupted lunch break. Plaintiff was required to be present on the Assisted Living floor for the benefit of her employer.

## COUNT I
### (Fair Labor Standard Act)

15. Plaintiffs reallege and adopt paragraphs one (1) through fourteen (14) as though set forth fully herein.

16. The employment of Plaintiffs provides for a forty (40) hour work week, but throughout their respective employment Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

17. At all times material, Defendant, BAYCARE, failed to comply with 29 U.S.C. §201 *et seq.*, in that Plaintiffs worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiffs at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

18. Defendant's failure to pay Plaintiffs the required overtime pay was intentional and willful.

19. As a direct and legal consequence of Defendant's unlawful acts, Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs, DIANA BERNARD and SELENA COBB, Individually and on

behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

### COUNT II
*(Unpaid Wages)*

20. Plaintiffs reallege and adopt paragraphs one (1) through fourteen (14) as if set out in full hereafter.

21. At all times material herein, Plaintiff, DIANA BERNARD, has been employed by Defendant, BAYCARE, in Hillsborough County, Florida.

22. At all times material herein, Plaintiff, SELENA COBB, was employed by Defendant, BAYCARE, in Hillsborough County, Florida.

23. Plaintiffs, DIANA BERNARD and SELENA COBB, have earned unpaid wages which are owed and payable by the Defendant employer pursuant to Chapter 448, *Florida Statutes.*

24. Despite Plaintiffs' reasonable attempts to obtain payment of these earned monies, the Defendant, BAYCARE, has failed and refused to make payment as required by Chapter 448, *Florida Statutes.*

25. As a direct and proximate result of the Defendant, BAYCARE's, failure to pay Plaintiffs, DIANA BERNARD and SELENA COBB, their unpaid wages, Plaintiffs have retained the undersigned counsel and are obligated to pay their costs and attorneys' fees.

WHEREFORE**,** Plaintiffs, DIANA BERNARD and SELENA COBB, demand judgment for back pay, interest, attorneys' fees and costs and such other relief to which the Plaintiffs may be justly entitled.

## COUNT III

26. Plaintiffs reallege and adopts paragraphs one (1) through fourteen (14) as though set forth fully herein.

27. At all times material, Defendant, BAYCARE, employs numerous individuals. Such individuals are similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

28. Throughout their respective employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

28. At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly situated to Plaintiffs worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

29. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

30. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs, DIANA BERNARD and SELENA COBB, individually and on behalf of all others similarly situated, respectfully request all legal and equitable relief allowed by law including judgment against Defendant, BAYCARE, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the

prosecution of this claim and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

31.     Plaintiffs request a jury trial on all issues so triable.

Dated this 11th day of October, 2016.

                         **FLORIN ROEBIG, P.A.**

                         */s/ Wolfgang M. Florin, Esquire*
                         **WOLFGANG M. FLORIN, ESQUIRE**
                         Florida Bar No.: 907804
                         Primary:     WMF@florinroebig.com
                         **CHRISTOPHER D. GRAY, ESQUIRE**
                         FL Bar No.: 902004
                         Primary:     CDG@florinroebig.com
                         **LINDSEY C. KOFOED, ESQUIRE**
                         FL Bar No.:  0063956
                         Primary:     lck@florinroebig.com
                         **ROBIN M. OROSZ, ESQUIRE**
                         FL Bar No.:  724769
                         Primary:     rorosz@florinroebig.com
                         Secondary: LABOR_efiling@florinroebig.com
                                         glw@florinroebig.com
                         777 Alderman Road
                         Palm Harbor, Florida 34683
                         Telephone No.: (727) 786-5000
                         Facsimile No.: (727) 772-9833
                         Attorneys for Plaintiffs